William J. STEVENS, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 01–7063.

United States Court of Appeals, Federal Circuit.

May 9, 2002.

Sandra E. Booth, of Columbus, OH, argued for claimant-appellant.

Jonathan P. Sills, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Bryant G. Snee, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel, and David J. Barrans, Attorney, Department of Veterans Affairs, of Washington, DC.

Before MAYER, Chief Judge, BRYSON, and PROST, Circuit Judges.

BRYSON, Circuit Judge.

William J. Stevens appeals from a decision of the Court of Appeals for Veterans Claims vacating a decision of the Board of Veterans' Appeals and remanding the matter to the Board for further development. We affirm.

I

In March 1938, while Mr. Stevens was serving in the Civilian Conservation Corps, he complained of weakness in his right hand and was admitted to the U.S. Army hospital at Fort Snelling, Minnesota. He told doctors there that he had noticed the weakness several months before and that he believed the problem was getting worse. After radiology studies, Mr. Stevens was discharged from the hospital with a diagnosis of atrophy of muscle in the right hand, deformity of the spine, and scoliosis in the thoracic and lumbar regions.

In September 1939, Mr. Stevens enlisted in the Army. In November of that year, he was again admitted to the Army hospital at Fort Snelling and was diagnosed with progressive spinal muscular dystrophy. The examiner noted that the symptoms of the disability had begun in 1938 while Mr. Stevens was serving in the Civilian Conservation Corps. In January 1941, Mr. Stevens was examined at another hospital. There, radiology studies revealed a dense

tumor mass, and in March 1941 a doctor diagnosed his condition as a residual of acute poliomyelitis dating back to January 1938. Mr. Stevens was honorably discharged from the Army because of his disability in July 1941.

Soon after his discharge, Mr. Stevens filed a claim with the Veterans Administration requesting compensation for residuals of acute poliomyelitis. While developing that claim, the Veterans Administration identified pre-service medical records showing that X-rays taken in April and May 1935 revealed a well-defined dense mass of the mediastinum and upper thoracic spine.

The record does not show that Mr. Stevens received any treatment for his condition between the 1940s and 1986. In 1987, a doctor noted a large tumor in Mr. Stevens's cervical spinal cord and a similar lesion outside the spinal cord near the same location. The doctor indicated that the tumor was possibly congenital in nature. The tumor was surgically removed in March 1987.

In 1995, Mr. Stevens filed a claim for service connection for the residuals of the tumor. A regional office of the Department of Veterans Affairs ("DVA") denied service connection after concluding that Mr. Stevens's condition existed prior to service and had not been aggravated beyond its normal progression during service.

Before the regional office, Mr. Stevens conceded that his condition existed prior to service, but he argued that his tumor should have been diagnosed as such during service and that he had been injured by a spinal tap performed during his in-service hospitalization. Mr. Stevens submitted a statement from his neurologist to the effect that if a myelogram had been performed during service, the tumor would have been apparent and intervention might have slowed or prevented its growth. DVA neurologists who reviewed Mr. Stevens's medical records, however, concluded that his condition was a congenital defect that had not been aggravated beyond its natural progression in service, and the regional office denied Mr. Stevens's claim on that ground.

The Board of Veterans' Appeals affirmed the denial of Mr. Stevens's claim. Although the Board ruled that Mr. Stevens was entitled to a presumption of in-service aggravation under 38 U.S.C. § 1153 and 38 C.F.R. § 3.306, the Board found that the presumption of aggravation had been rebutted by evidence that the in-service increase in the severity of the disability was due to the natural progression of the preexisting condition.

Mr. Stevens appealed to the Court of Appeals for Veterans Claims (the "Veterans Court"), which vacated the Board's decision and remanded for further adjudication. The court ruled that the Board was wrong in finding that the medical opinions of the DVA neurologists constituted clear and unmistakable evidence sufficient to rebut the presumption of aggravation. The court noted, however, that the Board had applied the wrong legal standard in assessing whether the presumption of aggravation had been rebutted, and that Mr. Stevens's claim therefore had to be remanded. The court also observed that Mr. Stevens's claim might be affected by the enactment of the Veterans Claims Assistance Act of 2000, which had amended several of the administrative provisions governing the way the DVA processes claims for veterans benefits. On remand, the court stated, Mr. Stevens would be free to submit additional evidence and argument necessary to the resolution of his claim, and it directed that if circumstances warranted, the Board could remand the

claim to the regional office for further development.

## II

Mr. Stevens argues that the Veterans Court should not have remanded his case to the Board but should have ruled, without further proceedings, that his disability was service-connected. He argues that to remand the case to the Board would simply give the DVA a second chance to develop evidence to rebut the presumption. A remand for that purpose, he contends, would be contrary to this court's recent decision in *Adams v. Principi*, 256 F.3d 1318 (Fed.Cir.2001), in which the court stated that it would be improper for the Veterans Court to remand a case to the Board to give the DVA another opportunity to develop evidence needed to satisfy an evidentiary burden it had failed to satisfy the first time, i.e., to "attempt to introduce new evidence sufficient to make up the shortfall" in the agency's proof. *Id.* at 1322.

■ This court ordinarily declines to review remand orders by the Veterans Court because they are not final judgments. *See Williams v. Principi*, 275 F.3d 1361, 1364 (Fed.Cir.2002). In this case, however, as in *Adams v. Principi*, *supra*, Mr. Stevens's argument is that the remand has been ordered for a prohibited purpose, that he is entitled to a decision in his favor without the need for a remand, and that his right to relief might be lost after further proceedings on remand. Because Mr. Stevens contends that the remand order adversely affects him by violating his right to an immediate decision on his claim, and because his asserted entitlement to a ruling in his favor on the present record would be jeopardized if the DVA were permitted to make up the shortfall in its evidence on remand, his appeal satisfies the requirements we have established for reviewing appeals from Veterans Court remand orders. *See Williams*, 275 F.3d at 1364 & nn. 4, 6.

In his reply brief, Mr. Stevens argues that the issue of the proper legal standard for assessing evidence rebutting the presumption of aggravation is not presented in this appeal because the government did not file a cross-appeal raising that issue and because the issue presents a question of the application of law to fact and therefore is not within this court's jurisdiction under 38 U.S.C. § 7292. We reject both contentions. The proper standard for weighing rebuttal evidence is a question of law, and the government was entitled to address that question in defending the judgment of the Veterans Court, which turned, as we interpret it, on the issue of the appropriate evidentiary standard.

## III

■ On the merits, we disagree with Mr. Stevens's characterization of the Veterans Court's decision. The court did not hold that the evidence before the Board was insufficient to rebut the presumption of aggravation under the proper legal standard, and then remand to enable the Secretary to make up the shortfall. Instead, the court held that the rebuttal evidence in the record was insufficient to satisfy the "clear and unmistakable evidence" standard invoked by the Board, but that because "clear and unmistakable evidence" was the wrong standard for reviewing the rebuttal evidence, further proceedings were necessary on remand to determine whether the evidence was sufficient to rebut the presumption of aggravation under the proper test.

■ When an agency has employed the wrong legal standard in evaluating the evidence in the case, the appropriate remedy is normally for the reviewing court to re-

mand the case to the agency for the agency to reassess the evidence under the correct standard. *See, e.g., Winters v. Gober,* 219 F.3d 1375, 1380 (Fed.Cir.2000); *Hensley v. West,* 212 F.3d 1255, 1263–64 (Fed. Cir.2000); *see also NLRB v. Pipefitters,* 429 U.S. 507, 522 n. 9, 97 S.Ct. 891, 51 L.Ed.2d 1 (1977); *Fed. Power Comm'n v. Idaho Power Co.,* 344 U.S. 17, 20, 73 S.Ct. 85, 97 L.Ed. 15 (1952); *Ommaya v. Nat'l Institutes of Health,* 726 F.2d 827, 830 (D.C.Cir.1984). In this case, the Veterans Court ruled that the Board "applied the wrong standard in determining whether the presumption of aggravation had been rebutted." In light of that ruling, with which we agree, it was proper for the court to remand Mr. Stevens's case to the Board.

■ The governing DVA regulation makes clear that a preexisting injury or disease is presumed to have been aggravated by military service when there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 C.F.R. § 3.306(a). The regulation then prescribes two different standards for weighing evidence that is offered to rebut the presumption of aggravation, depending on the timing of the service in question. For wartime service and peacetime service after 1946, the regulation directs that the "clear and unmistakable evidence" standard is to be applied to evidence offered to rebut the presumption of aggravation. 38 C.F.R. § 3.306(b). But for peacetime service before December 7, 1941, as the Veterans Court noted, a different subsection of the regulation applies. That subsection, 38 C.F.R. § 3.306(c), uses different language to describe the appropriate standard. For such service, the regulation provides that

[t]he specific finding requirement that an increase in disability is due to the natural progress of the condition will be met when the available evidence of a nature generally acceptable as competent shows that the increase in severity of a disease or injury or acceleration in progress was that normally to be expected by reason of the inherent character of the condition, aside from any extraneous or contributing cause or influence peculiar to military service.

38 C.F.R. § 3.306(c). The language of that regulation, and the contrast between that regulation and the immediately preceding section 3.306(b), make clear that section 3.306(c) does not require proof to satisfy the "clear and unmistakable evidence" standard but instead merely requires that "evidence generally acceptable as competent show[ ]" that the in-service increase in severity of the disease or injury was due to the natural progression of the condition. That standard is equivalent to the "preponderance of the evidence" standard typically used in civil cases, except that it is subject, of course, to the statutory rule giving the "benefit of the doubt" to the claimant in veterans' claims cases. 38 U.S.C. § 5107(b). We therefore agree with the Veterans Court that the Board committed legal error when it invoked the "clear and unmistakable error" standard, because that standard is inapplicable to a veteran whose service was entirely during peacetime before December 7, 1941. For that reason, the court acted within the scope of its authority to remand the case to the Board for further adjudication under the proper legal standard.

Because the order of the Veterans Court remanding this case to the Board did not violate any principle of veterans law and is consistent with generally applicable principles of administrative law, we reject Mr. Stevens's argument that he was entitled to a decision from the Veterans Court hold-

819

ing that his disability was service-connected without any further proceedings on remand.

*AFFIRMED.*