NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7087

WILLIAM E. FRASURE, JR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  December 1, 2005

_____

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

PROST, Circuit Judge.

William E. Frasure Jr. ("Frasure") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") vacating the decision of the Board of Veterans' Appeals ("Board") and remanding for further development and readjudication of the Board decision denying Frasure disability compensation benefits under 38 U.S.C. § 1110.  Frasure v. Principi, No. 03-1108 (Vet. App. Sept. 14, 2004).  Because the Veterans Court remand order is non-final and there is not a substantial risk that the non-final decision will not survive a remand, we dismiss this appeal.

## I.  BACKGROUND

Frasure was a member of the United States Coast Guard Merchant Marine ("Merchant Marine").  Although certain official records show that he enlisted on July 3,

1945, the form used to determine status, the DD-214 form, shows that his service began August 28, 1945. Upon joining the Merchant Marine, Frasure was trained to operate fifty caliber and twenty millimeter guns. His deck training included hand to hand combat training, swimming through oil slicks, and dropping into water at sixty feet. He was assigned to the American Navigator (a training ship) and trained at sea in July 1945. On August 28, 1945, Frasure signed Coast Guard articles to travel on the Lake Charles Victory from Norfolk to France and return via Boston to transport American troops home. Coast Guard records confirm that he made additional voyages covering the periods September 22, 1945 through October 14, 1945 and November 12, 1945 through March 6, 1946.

In July 1999, Frasure filed a DD-214 application for Veterans Affairs ("VA") disability compensation for hearing loss which was claimed in connection with active duty service in the Merchant Marine during World War II with a VA regional office ("RO"). In an August 1999 decision, the RO concluded that it did not have jurisdiction over Frasure's claim because his DD-214 indicated that he had service from August 28, 1945 to December 31, 1946, and to qualify generally for veteran status he had to show that he had participated in active-duty service between December 7, 1941 and August 15, 1945.

Frasure appealed the denial of his claim to the Board based on the RO's finding that he did not have "veteran" status. His claim for disability compensation was also denied by the Board based on a lack of legal entitlement. The Board found that he did not have "veteran" status because 38 C.F.R. § 3.7(x)(15) recognizes the World War II service of the Merchant Marine as active duty for the "Period of Armed Conflict" from

December 7, 1941 through August 15, 1945 and Frasure's DD-214 reported service began after the August 15, 1945 regulatory cut-off date. Therefore, the Board also denied entitlement to basic eligibility for VA benefits on the ground that Frasure's service between August 28, 1945 and December 31, 1946 did not establish active duty service as a "veteran."

Thereafter, Frasure filed a timely notice of appeal to the Veterans Court. Before the Veterans Court, Frasure argued that 38 C.F.R. § 3.7(x)(15) was an invalid exercise of regulatory authority to the extent that it limited the World War II service of the Merchant Marine to August 15, 1945, contrary to 38 U.S.C. § 101(8) which defined World War II as the period from December 7, 1941 through December 31, 1946 for purposes of all laws administered by the Secretary of Veterans Affairs ("Secretary" or "government"). Alternatively, Frasure argued that the Board's decision should be either reversed or remanded because the Board failed to consider official records which supported that he also had qualifying service from July 3, 1945 through August 15, 1945.

On October 6, 2004, the Veterans Court denied the appeal with respect to the question of the validity of 38 C.F.R. § 3.7(x)(15), but vacated the Board's decision and remanded for further development and readjudication to determine whether Frasure had active duty service prior to August 15, 1945 as shown by certain official records.

This appeal follows. This court has exclusive jurisdiction to review decisions of the Veterans Court pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

### A. Standard of Review

This court reviews decisions by the Veterans Court deferentially. Under 38 U.S.C. § 7292(d)(1), we must affirm the Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2000). Except for constitutional issues, we may not review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

Review is generally available with respect to any decision by the Veterans Court regarding "the validity of any statute or regulation . . . that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a) (2004); see also Bowey v. West, 218 F.3d 1373, 1375 (Fed. Cir. 2000). However, the Federal Circuit has jurisdiction to review only a final decision by the Veterans Court, "which usually does not include remands." Allen v. Principi, 237 F.3d 1368, 1372 (Fed. Cir. 2001). Nonetheless, the court can exercise jurisdiction over a Veterans Court decision to remand where the decision makes or fails to make "a statutory interpretation that will affect the remand proceeding and that legal issue might evade our future review." Id. at 1373.

### B. Finality

The threshold issue in this case is whether this court properly has jurisdiction over Frasure's appeal. Frasure argues that we do, based on the principle that this court

has jurisdiction to review Veterans Court decisions concerning any challenge to an interpretation of a statute, regulation, or rule under 28 U.S.C. § 7292(a). Therefore, because Frasure challenges the Veterans Court's interpretation of 38 C.F.R. § 3.7(x)(15) to the extent that it limits the World War II active duty service of the Merchant Marine as a group to a period of time less than the period defined by 38 U.S.C. § 101(8), he argues that this court has jurisdiction over this appeal. On the merits, Frasure maintains that 38 C.F.R. § 3.7(x)(15) is an invalid exercise of regulatory authority. Additionally, Frasure contends that the Veterans Court decision is premised on a misinterpretation of 38 U.S.C. § 106, note. Section 106 is the source of Congressional authority for recognition of certain civilian groups as having "veteran" status for purposes of Title 38. Finally, Frasure argues that the Veterans Court's decision wrongly determined that 38 U.S.C. § 101(8), which defines World War II as the time period commencing December 7, 1941 and ending December 31, 1946 for purposes of Title 38, is inapplicable to veteran status issues. Frasure insists that he is entitled to the immediate remedy of a judgment that 38 C.F.R. § 3.7(x)(15) is invalid to the extent that it limits the qualifying active duty service of the Merchant Marine as a group to a time period less than provided by federal statute.

The government responds that this court lacks jurisdiction and must accordingly dismiss. The government points out that controlling law holds that remand orders are generally not reviewable and that the only exception requires the fulfillment of certain conditions that are not met in this case. Namely, the conditions include that the issue addressed by the remand order would be "effectively unreviewable" from a final judgment in the case. See Caesar v. West, 195 F.3d 1373, 1374-75 (Fed. Cir. 1999).

The government argues that because Frasure can raise this argument after the Veterans Court issues its final judgment, the remand order is not "effectively unreviewable."

This court does not typically review remand orders by the Veterans Court "because they are not final judgments." Winn v. Brown, 110 F.3d 56, 57 (Fed. Cir. 1997); see also Williams v. Principi, 275 F.3d 1361, 1364 (Fed. Cir. 2002); Adams v. Principi, 256 F.3d 1318, 1320 (Fed. Cir. 2001). This rule requires that "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." Flanagan v. United States, 465 U.S. 259, 263 (1984); see also Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed. Cir. 1986). The requirement of finality ensures this court does not create merely advisory opinions. Cabot, 788 F.2d at 1543 (noting that this requirement serves to avoid "unnecessary piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record"); see also Williams, 275 F.3d at 1364.

This court's precedent establishes that in order to depart from this requirement three conditions must be satisfied:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

<u>Williams</u>, 275 F.3d at 1364; <u>see also</u> <u>Myore v. Principi</u>, 323 F.3d 1347, 1351 (Fed. Cir. 2003).[1]

Both parties agree that the first two requirements of <u>Williams</u> are met and therefore the last criterion is the only one in dispute. Frasure contends that the remand proceeding will moot the issue because he claims entitlement to relief without need to remand. Frasure maintains that he is entitled to relief on the record as it now stands, and that this issue will not survive a remand. Frasure further argues that "if he overcomes the additional burdens of demonstrating entitlement to relief on some other theory, then the issue of the validity of the regulation, limiting the active duty designation of the World War II service of the Merchant Marine to August 15, 1945 (instead of December 31, 1946) will be unreviewable at a later stage." The government responds that Frasure's argument lacks merit, and that Frasure has not shown that the Veterans Court ruling on whether 38 C.F.R. § 3.7(x)(15) is valid would be mooted by the remand.

We conclude that this appeal does not satisfy the narrow exception to the rule of finality. This court has addressed this issue in at least two similar cases. <u>See</u> <u>Myore</u>, 323 F.3d 1347; <u>Winn</u>, 110 F.3d 56. In <u>Winn</u>, the Board denied disability benefits to the veteran based on lack of service connection. 110 F.3d at 57. On appeal to the Veterans Court, Winn argued that his condition was service-connected and, similar to the facts in this case, challenged the validity of a VA regulation, namely 38 C.F.R. § 3.303(c), which disallowed service-connection for certain mental disorders. <u>Id.</u> The

---

[1] The Supreme Court has emphasized that the exception to the rule of finality is narrow: "The importance of the final judgment rule has led the Court to permit departures from the rule 'only when observance of it would practically defeat the right to any review at all.'" <u>Flanagan</u>, 465 U.S. at 265 (quoting <u>Cobbledick v. United States</u>, 309 U.S. 323, 324-25 (1940)).

Veterans Court held that the challenged regulation was valid, but vacated and remanded the Board decision for further fact-finding on the merits of his case.  Id.

On appeal of the remand to this court, Winn argued that the issue would evade review.  This court rejected Winn's argument that he had a right to appeal from the non-final order and dismissed the appeal, finding instead that the order would not be unreviewable at a later stage of litigation.  We noted that "Mr. Winn may win or lose on the facts of his case without regard to the regulation he now challenges."  Id.  Moreover, "[i]f he loses, and the regulation is applied against him, and the loss is affirmed by the Court of Veterans Appeals, then Mr. Winn can certainly appeal to this court on what will then be a final judgment. At that time, if the regulation had been relied upon by the Court of Veterans Appeals in reaching its decision, then Mr. Winn may have proper standing to challenge its validity before this court."  Id.

Relying in part on Winn, this court in Myore found that the issue in that appeal would be reviewable at a later stage of litigation.  Myore, 323 F.3d at 1352 ("Myore may win or lose on the facts of her case without regard to the Veterans Court's interpretation of section 1310(a), which she now challenges.").[2]  We rejected Myore's argument that the issue will be important on remand, finding instead that "[t]he mere fact that the Veterans Court as part of a remand decision may have made an error of law that will govern the remand proceeding – even one that, if reversed, would lead to a decision in favor of the claimant – does not render that decision final."  Id.  This court determined that the issue would be reviewable if Myore lost on remand, stating that "[i]f Myore loses

---

[2]     Myore distinguishes this court's earlier holdings of Stevens v. Principi, 289 F.3d 814 (Fed. Cir. 2002), Adams, 256 F.3d 1318, and Allen, 237 F.3d 1368.  Myore, 323 F.3d at 1352-53.

before the Board, and section 1310(a) is applied against her, and the Board's decision is affirmed by the Veterans Court, then Myore may seek review of that court's interpretation of section 1310(a) on what will then be a final judgment." This court thus determined that the issue would not evade review and that it was not appealable. Id.

Here, Frasure may win or lose the case before Board without regard to the validity of 38 C.F.R. § 3.7(x)(15) and depending instead on whether the Board determines whether Frasure had active duty service prior to August 15, 1945 as shown by certain official records. If Frasure loses, and the loss is affirmed by the Veterans Court, he may then seek review of the Veterans Court's decision on what then will be a final judgment. Thus, we conclude that the Veterans Court order is not a final appealable order. Accordingly, we hold that we lack jurisdiction over this appeal, and the appeal is dismissed.

No costs.