NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE E. TATUM,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7070

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3782, Chief Judge Bruce E. Kasold.

---

**ON MOTION**

---

Before NEWMAN, SCHALL and DYK, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss Willie E. Tatum's appeal. Tatum opposes. The Secretary replies.

Tatum served on active duty from May 1958 to March 1980. In February 2002, Tatum filed a claim with the Department of Veterans Affairs regional office (RO) seeking compensation for a disability resulting from prostate cancer associated with herbicide exposure during his service, and residual disability resulting from surgery and treatment he had undergone for his cancer.

The RO awarded Tatum a staged rating consisting of a 100% disability rating award through May 2002, and a 10% disability rating effective thereafter based on a medical examiner's report that Tatum's condition had improved. The Board sustained the RO's staged-rating award, which Tatum appealed to the United States Court of Appeals for Veterans Claims.

On appeal, the court set aside the Board's determination not to award Tatum entitlement to a rating award of higher than 10% after May 2002, and remanded the matter for additional proceedings. In doing so, the court held that the Board did not adequately address whether Tatum's 100% disability rating should have continued pursuant to applicable regulations based on a local reoccurrence or metastasis or continued treatment for malignant neoplasms.

The court rejected Tatum's argument that he was currently entitled to a 100% disability rating award based on an argument that the Department failed to fulfill its obligations under 38 C.F.R. § 3.105(e) in notifying him that his rating was going to be reduced. The court explained that Tatum's argument ignored § 3.105(e)'s clear directive that notice was only warranted when there is a reduction in "compensation payments currently being made," and that it was undisputed that Tatum was not receiving compensation at the time the staged rating was

assigned thereby rendering the regulation's requirement inapplicable.

The Secretary moves to dismiss Tatum's appeal from the court's remand order as non-final. Our review of decisions of the Court of Appeals for Veterans Claims is governed by 38 U.S.C. § 7292. While that statute does not explicitly impose a final judgment requirement, we have nonetheless "generally declined to review non-final orders of the Veterans Court" on prudential grounds. *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002). *Williams* establishes a three-part test for deviation from the strict rule of finality:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Id.* at 1364 (footnotes omitted).

Our precedent confirms that to take up a remand order on appeal, the appellant must challenge a remand action that itself would independently violate the rights of the veteran, for example, where a remand would be barred by statute. *Compare Joyce v. Nicholson*, 443 F.3d 845, 849-50 (Fed. Cir. 2006) (dismissing appeal from remand order); *Jones v. Nicholson*, 431 F.3d 1353, 1359 (Fed. Cir. 2005) (same); *Myore v. Principi*, 323 F.3d 1347, 1351-52 (Fed. Cir. 2003) (same); *Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997) (same) *with Stevens v. Principi*,

289 F.3d 814, 817 (Fed. Cir. 2002) (deciding merits of appeal from remand order where veteran challenged court's authority to remand); *Adams v. Principi*, 256 F.3d 1318, 1321-22 (Fed. Cir. 2001) (same).

This requirement is notably absent here. Tatum does not seek to challenge the basis for remand, but a separate issue—that the Court of Appeals for Veterans Claims' interpretation of § 3.105(e)'s notice obligations erroneously denied him entitlement to a 100% disability rating award effective immediately.

The right to appeal a remand order does not—despite Tatum's objections—hinge on the possibility that a reversal by this court could eliminate the need for a remand to the agency. In *Myore*, the veteran sought to appeal a remand order in which the Court of Appeals for Veterans Claims addressed and rejected the appellants' contention that 38 U.S.C. § 1310(a) cannot be interpreted to deny her dependency and indemnity compensation because of misconduct by the veteran. We dismissed, explaining:

> The mere fact that the Veterans Court as part of a remand decision may have made an error of law that will govern the remand proceeding—even one that, if reversed, would lead to a decision in favor of the claimant—does not render that decision final. Rather, 'there must be a substantial risk that the decision would not survive a remand.'

323 F.3d at 1352 (quoting *Williams*, 275 F.3d at 57).

We see no sound reason to treat this case differently. Just as in *Myore*, if Tatum does not obtain all the benefits he seeks before the Board and the Board's decision is affirmed by the Court of Appeals for Veterans Claims, then Tatum may seek review of the court's interpretation

of § 3.105 on what will then be a final judgment. We therefore dismiss the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted.

(2) Each side shall bear its own costs.

FOR THE COURT

__JUL    7 2011__                    /s/ Jan Horbaly
      Date                         Jan Horbaly
                         Clerk

cc: Sandra E. Booth, Esq.
    Michael P. Goodman, Esq.

s20

Issued As A Mandate:___JUL    7 2011_____

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 0 7 2011

JAN HORBALY
CLERK