NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GERARD CULLEN,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7005

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1193, Judge Lawrence B. Hagel.

---

Decided: August 19, 2011

---

ZACHARY M. STOLZ, Chisholm, Chisholm & Kilpatrick, of Providence, Rhode Island, argued for claimant-appellant.

DOMENIQUE KIRCHNER, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for

respondent-appellee. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR., Assistant Director, and JACOB A. SCHUNK, Trial Attorney. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and TRACEY P. WARREN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before NEWMAN, PROST, and O'MALLEY, *Circuit Judges*.

PROST, *Circuit Judge*.

Gerard Cullen appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which vacated and remanded a decision of the Board of Veterans' Appeals ("Board") denying Mr. Cullen's request for an increased disability rating for his service-connected degenerative joint disease of the thoracic spine. *Cullen v. Shinseki*, 27 Vet. App. 74 (2010). Because the decision of the Veterans Court was not a final judgment, we *dismiss* the appeal for lack of jurisdiction.

## BACKGROUND

Mr. Cullen served on active duty in the United States Army from June 1966 to September 1968, including service in the Vietnam War. Subsequent to his service, Mr. Mr. Cullen received service connection with a 10% disability rating for two conditions: (1) residuals of a right shoulder shrapnel wound; and (2) degenerative joint disease of the thoracic spine. In March 2003, Mr. Cullen sought increased disability ratings for his service-connected disabilities.[1]

---

[1]    Mr. Cullen appeals only the Veterans Court's legal interpretation of the regulations associated with his

On April 18, 2005, the Department of Veterans Affairs Regional Office ("RO") issued a rating decision increasing Mr. Cullen's evaluation for his degenerative joint disease from 10% to 20%, effective March 12, 2003. Mr. Cullen filed a notice of disagreement with the April 2005 rating decision on May 24, 2005, requesting that the RO reconsider increasing the rating beyond 20%.

On October 21, 2005, the RO issued a Statement of the Case concluding that an increased rating for Mr. Cullen's degenerative joint disease was "not warranted" because Mr. Cullen's symptoms more nearly approximated the criteria required for a 20% evaluation rating. The Board sustained the RO's rating determination, which Mr. Cullen appealed to the Veterans Court.

Mr. Cullen made two arguments in his appeal to the Veterans Court: (1) he is entitled to multiple evaluation ratings for the different symptoms of his single spinal disability under 38 C.F.R. § 4.71a; and (2) the Board erred in concluding that his spinal disability did not meet one of the criteria for a 40% rating since pain affected his range of movement. The Veterans Court vacated and remanded. In doing so, the Veterans Court rejected Mr. Cullen's argument that he was entitled to two evaluation ratings, holding that the language of 38 C.F.R. § 4.71a "read as a whole, makes clear that the regulation prohibits multiple disability ratings for a single spinal disability, except in certain circumstances." *Cullen*, 24 Vet. App. at 79. As to which evaluation rating was appropriate, the Veterans Court found the Board's reasons or bases for denying Mr. Cullen's claim inadequate. Specifically, the Veterans Court found the Board's discussion of the effects

degenerative joint disease. Thus, we do not discuss Mr. Cullen's shrapnel wound residuals.

of pain, weakness, or fatigue "conclusory and without supporting rationale." *Id.* at 85. As a result, the Veterans Court concluded that "vacatur and remand is necessary." *Id.* As part of the remand decision, the Veterans Court explained that the Board would be "required to readjudicate Mr. Cullen's claim and provide a new statement of reasons or bases for its decision, which will necessarily include a discussion of whether a 40% disability rating is warranted." *Id.* at 86. Mr. Cullen appeals the Veterans Court's interpretation of 38 C.F.R. § 4.71a.

## DISCUSSION

The jurisdiction of this court to hear appeals from the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court may review "the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision." Section 7292(c) vests this court with exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." While the statutory provision that gives this court jurisdiction to review a decision of the Veterans Court does not expressly premise our review on the finality of the Veterans Court's decision, we have, nonetheless, "'generally declined to review non-final orders of the Veterans Court.'" *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002) (quoting *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001)). Moreover, "[t]he mere fact that the Veterans Court as part of a remand decision may have made an error of law that will govern the remand proceeding—even one that, if re-

versed, would lead to a decision in favor of the claimant—does not render that decision final." *Myore v. Principi*, 323 F.3d 1347, 1352 (Fed. Cir. 2003).

Our decision in *Williams* provides a limited exception to the general rule that remand orders are not appealable. We will depart from the strict rule of finality when a veteran establishes: (1) the Veterans Court issued a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issue adversely affects the party seeking review; and (3) there is a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue. *Williams*, 275 F.3d at 1364.

In the present case, the parties agree that Mr. Cullen satisfies the first two *Williams* factors. Mr. Cullen argues that the third *Williams* factor is satisfied because "there is no effective remedy for the Veterans Court's erroneous interpretation other than the present appeal." Nothing in the remand proceedings, however, will moot the issue Mr. Cullen raises in the present appeal, a point which Mr. Cullen conceded both in his opening brief and during oral argument, oral arg. at 32:43–32:57, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 11-7005.mp3. On remand, Mr. Cullen may present evidence that he is entitled to a 40% rating evaluation for his service-connected degenerative joint disease of the thoracic spine. He may win or lose on the facts he presents without regard to the Veterans Court's interpretation of § 4.71a. After completion of the remand proceedings and entry of a final judgment, Mr. Cullen is free to file a second appeal and raise his argument regarding the

Veterans Court's interpretation of 38 C.F.R. § 4.71a.  *See Myore*, 323 F.3d at 1351-52; *Winn*, 110 F.3d at 57.  While Mr. Cullen's legal argument may be the rule of the case in the Veterans Court, his appeal to this court "may raise any objections to the judgment that was entered [by the Veterans Court], whether the errors arose from the original [Veterans Court's] decision or the second and final decision." *Joyce v. Nicholson*, 443 F.3d 845, 850 (Fed. Cir. 2006).

CONCLUSION

Because Mr. Cullen's appeal does not present any issues that would evade further review by this court and because Mr. Cullen has not appealed from a final order or judgment, we dismiss the appeal for lack of jurisdiction.

COSTS

Each party shall bear its own costs.

**DISMISSED**