NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLIFFORD L. LEE, II,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7165

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-1119, Judge Robert N. Davis.

---

Decided: March 8, 2012

---

CLIFFORD L. LEE, II, of Fayetteville, North Carolina, pro se.

STEVEN M. MAGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, JR., Assistant Director. Of counsel on the brief was BRIAN D. GRIFFIN, General Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel.

―――――――――――――

Before LOURIE, LINN, and PROST, *Circuit Judges*.

PER CURIAM.

Clifford L. Lee, II, appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming in part and setting aside in part the decision of the Board of Veterans' Appeals ("Board") that Lee was not entitled to service connection for his type II diabetes mellitus and remanding for further development regarding Lee's claim for service connection for residuals of a right shoulder injury. *Lee v. Shinseki*, No. 09-0119 (Vet. App. May 19, 2011). Because we lack jurisdiction to review Lee's appeal, we dismiss.

## BACKGROUND

Lee served on active duty in the United States Army from June 1983 to June 1986. Shortly after his discharge, he filed a claim for service-connected disability for an injury to his right shoulder. The 1986 VA medical examination report indicated that his right shoulder injury was Lee's "only complaint" at that time. The VA Regional Office ("RO") and the Board denied his claim. His later attempt to reopen the claim was likewise denied, stating that there was still no evidence of a current right shoulder disability. He did not appeal that decision.

In 2004, Lee filed an original claim for service-connected disability for diabetes mellitus type II, hypertension, sleep apnea, residuals of a back injury, and

residuals of a left knee injury. He was denied service-connected disability for diabetes. The RO granted service connection for hypertension, sleep apnea, residuals of a back injury, and residuals of a left knee injury, assigning an effective date of February 9, 2004 for each award. He then filed a claim for an effective date prior to February 2004 for the grant of service-connected disability compensation for his hypertension, the back disorder, and the left knee condition, which was denied. He also submitted a petition to reopen his claim for service-connected disability for a right shoulder injury based on new and material evidence, which was denied. He appealed all these claims.

On May 29, 2008, the Board denied Lee's claim for service-connected disability for diabetes because there was no nexus between that condition and his military service; the Board reopened his claim for service connection for residuals of a right shoulder injury, but then denied the claim due to a lack of nexus. The Board determined that Lee was not entitled to an earlier effective date for the grant of service-connected hypertension, back injury, or a knee injury because there was no evidence that he intended to apply for these benefits prior to February 2004. Lee appealed this decision, but not the determination regarding hypertension.

The Veterans Court affirmed the Board's determination that Lee was not entitled to an earlier effective date for residuals of a back injury and the knee injury, and that he was not entitled to service connection for type II diabetes. The Veterans Court set aside the Board's decision regarding Lee's claim for service connection for residuals of a right shoulder injury, remanding for further development. This appeal followed.

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may not, however, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We therefore generally lack jurisdiction to review challenges to the Board's factual determinations. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

Lee argues that the Veterans Court erred by considering the 2004 date as his date of entitlement for his claim for service-connected right shoulder injury. In addition, he argues that the court did not address all of the evidence relating to his claim for service-connected diabetes and improperly weighed the evidence submitted in support of his claims. He asks that this court determine that the date of eligibility for entitlements on his claim for service-connected right shoulder injury is June 1986 and that his diabetes is service-connected.

The government responds that we lack jurisdiction to review the Veterans Court decision in this case because Lee simply reargues factual issues (or applications of law to fact) regarding his diabetes claim and that the effective date of the right shoulder injury claim was not decided and is not properly before us. The government notes that Lee did not identify any legal errors in the Veterans Court decision.

We agree with the government that we lack jurisdiction. The Veterans Court did not determine the effective date of his claim for right shoulder injury, as it was not at issue on appeal. Instead, this claim was remanded to the Board for further proceedings. As a consequence, there is no final decision to review. *See Winn v. Brown*, 110 F.3d 56, 56 (Fed. Cir. 1997) ("This Court typically does not have jurisdiction over Court of Veterans Appeals remands because they are not final judgments."); *Cabot Corp. v. United States*, 788 F.2d 1539, 1542–43 (Fed. Cir. 1986). There is no substantial risk that any error regarding the effective date of Lee's right shoulder disability will not survive the pending remand to the Board. *See Myore v. Principi*, 323 F.3d 1347, 1352 (Fed. Cir. 2003). This is particularly true because the claim is still pending and the Veterans Court did not determine any effective date relating to his right shoulder injury claim.

With regard to Lee's diabetes claim, his arguments merely challenge the weight afforded the evidence. We lack jurisdiction to review the weight given to evidence by the Board and Veterans Court. *E.g.*, *Maxson v. Gober*, 230 F.3d 1330, 1332 (Fed. Cir. 2000) ("The weighing of this evidence is not within our appellate jurisdiction.").

Because the decision of the Veterans Court is not final and Lee's fact-based challenges on appeal do not fall within the scope of 38 U.S.C. § 7292, we dismiss Lee's appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.