# United States Court of Appeals for the Federal Circuit

---

**KEVIN T. DONNELLAN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7127

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 07-2041, Chief Judge Bruce E. Kasold.

---

Decided: April 18, 2012

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

DOMENIQUE G. KIRCHNER, Trial Attorney, Commercial Litigation Branch, Civil Division, United State Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of

counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and JONATHAN TAYLOR, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge*, BRYSON and LINN, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Kevin T. Donnellan appeals the decision of the Court of Appeals for Veterans Claims ("the Veterans Court"), which remanded his case to the Board of Veterans' Appeals. Because the remand order of the Veterans Court does not fall into the narrow exception to our rule against review of remand orders, we dismiss the appeal.

I

Mr. Donnellan served in the Army National Guard from October 1969 through February 2000. In 1996, he underwent surgery to remove a portion of his sigmoid colon as part of his treatment for colon cancer. In March 1998, after a diagnosis of acquired polyposis, he had a total colectomy.

As part of his Army National Guard duty, Mr. Donnellan participated in "active duty for training" from May 30, 1998, through June 5, 1998. On June 3, 1998, while he was on active duty for training, Mr. Donnellan developed a fever, chills, and severe abdominal pain. He was taken to a local hospital where he underwent emergency surgery to remove a portion of his small intestine because of a small bowel perforation. On the fourth day after the surgery, Mr. Donnellan's doctors became aware of a small bowel fistula, which they treated.

Mr. Donnellan subsequently applied to the Department of Veterans Affairs ("DVA") for disability benefits for a perforated small intestine and ensuing complications. In the course of proceedings on his claim, the Board of Veterans' Appeals directed the regional office to obtain medical opinions on certain issues, including whether his condition following his colectomy "underwent a permanent increase in severity beyond its natural progression" during his period of active duty for training.

The regional office denied service connection for Mr. Donnellan's disability, relying on an examination report from a DVA physician who characterized Mr. Donnellan's fistula as a "complication of his multiple surgical procedures." On appeal, the Board found that the DVA physician's report did not provide "adequate responses to the questions posed by the Board." The Board therefore requested an independent medical opinion from another physician, Dr. Debra Ford, as to whether Mr. Donnellan's "status post colectomy residuals under[went] a permanent increase in severity beyond its natural progression" during his active duty for training. Dr. Ford characterized the Board's question as "somewhat confusing," but stated that Mr. Donnellan's active duty for training did not cause "the return of [his] fistulous disease." She added, however, that in her opinion "he probably returned to duty too early."

In a March 2007 decision, the Board of Veterans' Appeals denied Mr. Donnellan's request for benefits. The Board began by applying the presumption embodied in 38 U.S.C. § 1153 that a disability is aggravated, for purposes of establishing service connection, if there is an increase in the level of the disability during a veteran's service. That presumption, the Board held, applied to Mr. Donnellan's period of active duty for training. The Board noted,

however, that the statutory presumption can be rebutted by clear and unmistakable evidence that the increase in disability was due to the natural progression of the disease. 38 C.F.R. § 3.306(b). After reviewing the record, the Board determined that there was clear and unmistakable evidence that Mr. Donnellan's disease and the ensuing complications did not increase in severity beyond their natural progression during his period of active duty for training.

Mr. Donnellan appealed the Board's decision to the Veterans Court. He argued (1) that the Board improperly found that the presumption of aggravation was rebutted by the evidence of record, and (2) that the Board failed to ensure compliance with its remand instructions, because Dr. Ford had not answered the question posed to her.

As to the first issue, the Veterans Court held that the statutory presumption of aggravation does not apply to an increase in the degree of a disability suffered by a member of the National Guard while on active duty for training. The court explained that because Mr. Donnellan had never served on active duty in the military, but was only on active duty for training, he had to establish his status as a veteran in order to be entitled to disability benefits. By statute, a "veteran" is a person who has served in "active military, naval, or air service." 38 U.S.C. § 101(2). "Active duty for training" is considered "active military, naval, or air service," but only if the person "was disabled or died from a disease or injury incurred or aggravated in line of duty." 38 U.S.C. § 101(24)(B). The court held that to establish his status Mr. Donnellan needed to show both that his disability increased during active duty for training and that the increase was beyond the natural progression of the disease. In making that showing, according to

the court, Mr. Donnellan was not entitled to the statutory presumption of aggravation.

As to the second issue, the court agreed with Mr. Donnellan that Dr. Ford's medical opinion did not satisfy the Board's instructions on remand. The court therefore remanded the case to the Board to obtain a medical opinion addressing the Board's prior remand order.

II

On appeal, Mr. Donnellan argues that the Veterans Court erred in holding that he was not entitled to the statutory presumption of aggravation in attempting to show that he qualified as a "veteran." The government defends the Veterans Court's decision, but first argues that this court should dismiss the appeal because the Veterans Court's decision is not final.

Generally, we decline to review non-final orders of the Veterans Court, including remand orders. *See Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001). Mr. Donnellan acknowledges that the Veterans Court's remand order is not a final decision. He contends that we should reach the merits of his appeal, however, as this case falls within an exception to the rule that we review only final decisions of the Veterans Court. *See Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002) (setting out the circumstances in which this court will entertain appeals from non-final orders of the Veterans Court).

Tracking the criteria we have used to determine whether to entertain appeals from remand orders of the Veterans Court, Mr. Donnellan argues (1) that the Veterans Court's ruling on the statutory presumption issue is a clear and final decision on the merits of his claim that will

govern the remand proceedings, (2) that it adversely affects him because it increases the evidentiary burden on him before the Board, and (3) that it may not survive remand. *See Williams*, 275 F.3d at 1364. As to the last of those points, he contends that he may be able to meet the burden imposed by the Veterans Court and prevail on his claim; if he does, the legal issue he seeks to present to this court will not reach this court in his case.

We reject Mr. Donnellan's reasoning and hold that the Veterans Court's decision falls within the class of remand orders that we decline to review because they are not final. In this case, as in many others, the question whether we will review the remand order from the Veterans Court comes down to the third factor set forth in *Williams*—whether there is "a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue." *Williams*, 275 F.3d at 1364. Several of our cases have fleshed out the meaning of that factor, and in so doing they have made clear that we will not review a remand order such as the one in this case.

In particular, our cases establish that it is not enough that the Veterans Court "as part of a remand decision may have made an error of law that will govern the remand proceeding—even one that, if reversed, would lead to a decision in favor of the claimant." *Myore v. Principi*, 323 F.3d 1347, 1352 (Fed. Cir. 2003). Rather, the legal issue in question must be one that would be effectively unreviewable at a later stage in the litigation. *Id.* The risk that a decided issue will not survive a remand does not include the possibility that the appellant will prevail on remand and therefore will not need to take another appeal. *See id.* at 1351-52 (test for whether issue may evade review is whether, if the claimant loses on

remand, the claimant will not be able to raise the issue on appeal from an adverse final judgment); *Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997). Rather, the remand action itself must "independently violate the rights of the veteran, for example, where a remand would be barred by statute." *Joyce v. Nicholson*, 443 F.3d 845, 849 (Fed. Cir. 2006). That is, the appellant's claim must be that he has a legal right not to be subjected to a remand. In such a case, the appellant's argument that he has a right not to be forced to undergo a remand would necessarily and forever be lost if the case is remanded without an opportunity for appellate review of his claim.

Our cases have applied that principle in a variety of settings. For example, in *Adams* we reviewed a remand order because the veteran claimed that he had a right to judgment without a remand, and "the order of the Veterans Court requiring him to undergo a remand before obtaining appellate relief would defeat the very right he asserts, i.e., his right to an immediate judgment without the necessity of a remand." 256 F.3d at 1321.

Likewise, in *Stevens v. Principi*, 289 F.3d 814, 817 (Fed. Cir. 2002), this court entertained an appeal from a remand order because the claimant argued that the remand was "ordered for a prohibited purpose" and that he was "entitled to a decision in his favor without the need for a remand." In that case, we held that the appeal fell within the exception to the rule against entertaining non-final orders because the appellant's claim was that the remand order adversely affected him "by violating his right to an immediate decision on his claim," *id.*, a right that, if he was correct in his assertion, would be lost by the very act of remanding.

In *Byron v. Shinseki*, 670 F.3d 1202 (Fed. Cir. 2012), we reiterated the requirements for finding that a case falls within the exception to the rule regarding non-final appeals. The Veterans Court in that case made a legal determination that it did not have the authority to consider evidence and make factual findings in the first instance when the Board had failed to do so. The court therefore remanded the case to the Board to make such findings. We addressed the issue of the Veterans Court's authority because, if we had not, the veteran's claim that the Veterans Court has the legal authority to make factual findings in the first instance would never have been subject to review, regardless of whether the veteran had won or lost in the remand proceedings before the Board.

In this case, Mr. Donnellan's argument is not that he has a legal right not to undergo a remand, but rather that the remand proceedings should be conducted under a different legal standard than that ordered by the Veterans Court. As such, this is a classic case of a non-final order: Even if we were to address the merits and uphold Mr. Donnellan's legal claim, the case would still have to be remanded for further proceedings under that standard. For that reason, this case does not fit into the exception to our rule against entertaining appeals from non-final orders of the Veterans Court. Instead, it is a case like many others in which remand proceedings have been ordered under standards that the appellant does not agree with.

Were we to accept Mr. Donnellan's framing of the exception to the rule against review of remand orders, the exception would swallow the rule. Because our review of decisions of the Veterans Court is typically limited to legal issues, 38 U.S.C. § 7292(d)(2), remand orders that we are asked to review are generally those in which the

Veterans Court has decided a legal issue that will govern the remand proceedings. And in virtually any case that is remanded, it is possible that the veteran will win even under the legal standard adopted by the Veterans Court. (Otherwise, why the remand?) Because this is not a case in which the veteran's claim is that he has a legal right not to be forced to undergo a remand, we hold that the remand order in this case falls within the category of non-final orders that we decline to review.

No costs.

**DISMISSED**