# United States Court of Appeals for the Federal Circuit

---

**RACQUEL S. DUCHESNEAU,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7112

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-1702, Judge Robert N. Davis.

---

Decided: May 17, 2012

---

LINDA J. THAYER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Cambridge, Massachusetts, argued for claimant-appellant. With her on the brief was RONALD L. SMITH, of Washington, DC.

L. MISHA PREHEIM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and BRIAN M. SIMKIN, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and LARA K. EILHARDT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before LOURIE, LINN, and PROST, *Circuit Judges*.

PROST, *Circuit Judge*.

Racquel Duchesneau appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which vacated and remanded a decision of the Board of Veterans' Appeals ("Board") denying Ms. Duchesneau's request for an increased disability rating for a service-connected right shoulder disability currently evaluated as bursitis. *Duchesneau v. Shinseki*, No. 09-1702 (Vet. App. Jan. 31, 2011). Because the decision of the Veterans Court was not a final judgment, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Ms. Duchesneau served on active duty in the United States Army from July 1996 to January 1999. In April 2000, a Department of Veterans Affairs Regional Office ("RO") issued a rating decision granting Ms. Duchesneau service connection for right shoulder bursitis with a 10% disability rating under 38 C.F.R. § 4.71a, diagnostic code ("DC") 5203 (2010). In December 2003, Ms. Duchesneau filed a claim for an increased disability rating, but the RO denied her claim, maintaining that her right shoulder bursitis merited only a 10% disability rating. Ms. Duchesneau timely appealed that decision to the Board, and on January 13, 2009, the Board sustained the RO's determination. The Board also considered, but ultimately

rejected, the possibility of whether Ms. Duchesneau's limitation of motion in her right shoulder warranted a rating under other DCs in § 4.71a, including DC 5201, which provides disability ratings depending on limitation of motion of the arm.

Ms. Duchesneau subsequently appealed the Board's decision to the Veterans Court, where she made two arguments:[1] (1) that the Board erred by failing to award her an additional disability rating for limitation of motion in her right shoulder under DC 5201; and (2) that the Board erred by failing to award her not only one but two separate 20% disability ratings under DC 5201 because her right shoulder's range of motion is limited on two planes—flexion and abduction.[2]  In a January 31, 2011 decision, the Veterans Court rejected Ms. Duchesneau's claim for two separate disability ratings under DC 5201, holding that the argument was "obviated and negated by the [Veterans] Court's recent decision in *Cullen v. Shinseki*, 24 Vet. App. 74 (2010)."  *Duchesneau*, slip op. at 3.  In that case, the Veterans Court held that "within a particular diagnostic code, a claimant is not entitled to more than one disability rating for a single disability unless the regulation expressly provides otherwise."  *Id.* (quoting *Cullen*, 24 Vet. App. at 84).  But after rejecting Ms. Duchesneau's claim for two separate disability ratings under a single diagnostic code, the Veterans Court

---

[1]    Because Ms. Duchesneau did not contest the Board's finding that she is not entitled to a higher disability rating under DC 5203, the Veterans Court deemed that issue abandoned.  *Duchesneau*, slip op. at 1, n.1.

[2]    The flexion plane is defined by the shoulder's and arm's forward movement while the abduction plane is defined by the shoulder's and arm's side movement.  *See* 38 C.F.R. § 4.71 (2010) (Plate I).

proceeded to set aside the Board's decision as to a single appropriate disability rating under DC 5201 and remanded the case to the Board to clarify the precise extent of her right shoulder limitation. *Id.* at 3-5. Ms. Duchesneau now appeals the Veterans Court's interpretation of 38 C.F.R. § 4.71a, DC 5201.

## DISCUSSION

On appeal, Ms. Duchesneau argues that the Veterans Court erred in holding that 38 C.F.R. § 4.71a, DC 5201 provides only a single disability rating for a single disability. The government defends the Veterans Court's decision, but first argues that this court should dismiss the appeal because the Veterans Court's decision is not final.

The jurisdiction of this court to hear appeals from the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court may review "the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision." Section 7292(c) vests this court with exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." While the statutory provision that gives this court jurisdiction to review a decision of the Veterans Court does not expressly premise our review on the finality of the Veterans Court's decision, we have, nonetheless, "'generally declined to review non-final orders of the Veterans Court.'" *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002) (quoting *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001)). This finality

rule serves several purposes: it "promot[es] efficient judicial administration," "emphasize[s] the deference that appellate courts owe to the trial judge," and "reduces harassment of opponents and the clogging of the courts through successive appeals." *Williams*, 275 F.3d at 1364 (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). Moreover, "[t]he mere fact that the Veterans Court as part of a remand decision may have made an error of law that will govern the remand proceeding—even one that, if reversed, would lead to a decision in favor of the claimant—does not render that decision final." *Myore v. Principi*, 323 F.3d 1347, 1352 (Fed. Cir. 2003).

Our decision in *Williams* provides a limited exception to the general rule that remand orders are not appealable. We will depart from the strict rule of finality when a veteran establishes: (1) the Veterans Court issued a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issue adversely affects the party seeking review; and (3) there is a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue. *Williams*, 275 F.3d at 1364. This exception to the finality rule is narrow. *Jones v. Nicholson*, 431 F.3d 1353, 1358 & n.3 (Fed. Cir. 2005) (noting that the Supreme Court has emphasized that departures from the finality rule should occur "'only when observance of it would practically defeat the right to any review at all'" (quoting *Flanagan v. United States*, 465 U.S. 259, 263 (1984))); *Conway v. Principi*, 353 F.3d 1369, 1374 (Fed. Cir. 2004) (explaining that the *Williams* conditions are met only in rare circumstances); *Adams*,

256 F.3d at 1321 (noting that the finality rule should only give way in "unusual circumstances").

In the present case, the parties agree that Ms. Duchesneau satisfies the first two *Williams* factors. Ms. Duchesneau argues that the third *Williams* factor is also satisfied because "if the Board finds in Ms. Duchesneau's favor on remand for the higher disability rating, Ms. Duchesneau will not be able to file a second appeal and reassert her claim for separate disability ratings for limitation of abduction and flexion." Ms. Duchesneau is mistaken. If the Board grants Ms. Duchesneau a 20% disability rating under DC 5201, it must apply the law of the case and deny two separate disability ratings under DC 5201, even if the Board finds that Ms. Duchesneau's right shoulder is indeed limited in both planes. Consequently, Ms. Duchesneau will still be adversely affected by the Board's decision to limit her to just one rating. After completion of the remand proceedings and entry of a final judgment, Ms. Duchesneau is free to file a second appeal and raise her argument regarding the Veterans Court's interpretation of § 4.71a. *See Myore*, 323 F.3d at 1351-52; *Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997). Moreover, Ms. Duchesneau's appeal to this court "may raise any objections to the judgment that was entered [by the Veterans Court], whether the errors arose from the original [Veterans Court's] decision or the second and final decision." *Joyce v. Nicholson*, 443 F.3d 845, 850 (Fed. Cir. 2006).

To be sure, Ms. Duchesneau currently has no disability rating under DC 5201. Indeed, she contends that there is a substantial risk that on remand the Board will continue to find that the evidence does not support a disability rating for either her abduction limitation or her flexion limitation, or both. Under these scenarios, Ms.

Duchesneau argues that the remand would moot the issue of whether she is entitled to two disability ratings under DC 5201. This argument does not, however, rise to the level of a substantial risk that the Veterans Court's interpretation of § 4.71a would evade review. On remand, Ms. Duchesneau may present evidence that she is entitled to a disability rating under DC 5201 for her service-connected limitation of motion in her right shoulder. And Ms. Duchesneau is correct that she may lose on the facts she presents without regard to the Veterans Court's interpretation of § 4.71a. That uncertainty alone, however, is not enough to create a substantial risk that the Veterans Court's interpretation of § 4.71a would evade review.

Our cases have distinguished (1) situations where an issue might be mooted by a failure to present sufficient evidence on remand from (2) situations where the very authority of the Veterans Court to remand might be mooted by the remand itself. For example, in *Myore*, we explained that the third *Williams* factor was not satisfied despite the fact that the veteran "may win or lose on the facts of her case without regard to the Veterans Court's interpretation of [statute] . . . ." *Myore*, 323 F.3d at 1352.[3] That is to say, a failure to present sufficient evidence may have mooted the issue regardless of the Veterans Court's interpretation of the statute, but that was not enough to establish a substantial risk that the Veterans Court's interpretation would evade review. However, in both *Adams*, 256 F.3d at 1321 and *Stevens v. Principi*, 289 F.3d

---

[3]    We also explained that "[i]f Myore loses before the Board, and [the statute] is applied against her, and the Board's decision is affirmed by the Veterans Court, then Myore may seek review of that court's interpretation of [the statute] . . . ." *Myore*, 323 F.3d at 1352

814, 817 (Fed. Cir. 2002), we held that the third *Williams* factor was satisfied because "the question of the authority of the Veterans Court to order a remand might not survive a remand, and, therefore, constituted an appealable final decision." *Myore*, 323 F.3d at 1353. *See also Winn*, 110 F.3d at 57 (holding that a remand is appealable only "when the remand disposes of an important legal issue that would be effectively unreviewable at a later stage of litigation"). Put differently, in order to satisfy the third *Williams* factor, "the appellant's claim must be that he has a legal right not to be subjected to a remand." *Donnellan v. Shinseki*, No. 2011-7127, slip op. at 7 (Fed. Cir. Apr. 18, 2012).

In this case, Ms. Duchesneau does not question the authority of the Veterans Court to remand. Rather, she asserts that the remand proceedings should be conducted under a different interpretation of § 4.71a than that ordered by the Veterans Court. That Ms. Duchesneau may lose before the Board without regard to the Veterans Court's interpretation of § 4.71a does not, however, create a substantial risk that the Veterans Court's interpretation of § 4.71a would evade review. Were we to hold otherwise and "accept [Ms. Duchesneau's] framing of the exception to the rule against review of remand orders, the exception would swallow the rule." *Donnellan*, slip op. at 8. The Veterans Court's remand is, therefore, not a final appealable order.

CONCLUSION

Because Ms. Duchesneau's appeal does not present any issues that would evade further review by this court and because Ms. Duchesneau has not appealed from a final order or judgment, we dismiss the appeal for lack of jurisdiction.

COSTS

Each party shall bear its own costs.

**DISMISSED**