NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEWIS BROWN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2238

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-8563, Judge Amanda L. Meredith.

---

Decided:  March 14, 2023

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ASHLEY AKERS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, REBECCA SARAH KRUSER, PATRICIA M. MCCARTHY; Y. KEN LEE, SAMANTHA ANN SYVERSON, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

—————————————

Before REYNA, BRYSON, and CUNNINGHAM, *Circuit Judges*.

REYNA, *Circuit Judge*.

Lewis Brown served in the U.S. Army in the 1950s and 60s. In 2011, he filed a supplemental claim with the Department of Veterans Affairs for disability benefits for a back condition stemming from his time in the Army. In 2019, the Board of Veterans' Appeals granted Mr. Brown a September 13, 2011 effective date for a service-connection award for left and right lower extremity radiculopathy and for a rating of "total disability based on individual unemployability" or "TDIU" (a benefit for certain eligible disabled veterans who are unable to work due to a service-connected disability). Mr. Brown appealed from the Board's decision to the Court of Appeals for Veterans Claims, arguing that he is entitled to an effective date that is earlier than September 13, 2011. The Court of Appeals for Veterans Claims remanded the matter back to the Board on grounds that the Board's analysis lacked sufficient detail and thoroughness. *Brown v. McDonough*, No. 19-8563, 2021 WL 2169764 (Vet. App. May 28, 2021) ("*Decision*").

Mr. Brown appeals to this court arguing that the Court of Appeals for Veterans Claims committed legal error in remanding to the Board. He recognizes that we generally lack jurisdiction to review remand orders because they are non-final. But he argues that his appeal falls within an exception to that general rule. We disagree and dismiss Mr. Brown's appeal for lack of jurisdiction.

BACKGROUND

Mr. Brown served in the Army from June 1953 to May 1955 and from September 1961 to August 1962. *Decision*,

at *1. In 1977, he filed a claim in the VA for disability compensation for a back condition. J.A. 107–110. The VA regional office ("RO") denied the claim, noting that his service medical records were unavailable. J.A. 106. He did not appeal that decision.

In September 2011, he filed a supplemental claim for benefits. J.A. 105. In a 2013 rating decision, the RO noted that the VA had received Mr. Brown's service medical records, which reflected that he had been treated for back pain in 1962. J.A. 104. But the RO continued to deny disability benefits because the RO found that Mr. Brown's back condition was not service connected. *Id.*

Mr. Brown filed a Notice of Disagreement. J.A. 94–99. He requested that the VA apply 38 C.F.R. § 3.156(c), which he argued requires the VA to reopen a claim when new service records are associated with the claim, and to make any award based on the new records effective as of the date that the original claim was denied. J.A. 98. Mr. Brown sought disability benefits for a service-connected back condition; TDIU; and a May 1977 effective date for both. *Id.* In a February 2016 rating decision, the RO granted Mr. Brown a 40% disability rating—effective May 2, 1977—for degenerative disc disease of the lumbar spine with bilateral radiculopathy. J.A. 86. In a separate order, it denied compensable TDIU. J.A. 83–84. In 2019, the Board granted an effective date of September 13, 2011 (but no earlier) for an award of service connection for left and right lower extremity radiculopathy and for entitlement to TDIU. J.A. 27–34.

Mr. Brown appealed to the Court of Appeals for Veterans Claims ("CAVC"). J.A. 10. He asserted that May 1977 was the correct effective date for his radiculopathy ratings and TDIU claim because the RO in 2016 reconsidered his May 1977 claim for a back condition under § 3.156(c) and the Board favorably found that his radiculopathy ratings

and TDIU arose from the same claim for a low back disability. *Decision*, at \*2.

The CAVC vacated the Board's decision that denied an effective date earlier than September 13, 2011, and remanded for further proceedings. *Id.* at \*1–5. The CAVC explained that "the Board favorably determined that the RO awarded benefits for bilateral radiculopathy and TDIU as part of [Mr. Brown's] September 13, 2011[] claim for a low back disability." *Id.* at \*4. But in denying an effective date earlier than the date of the claim, "the Board did not address § 3.156(c) or the import of the RO's February 2016 rating decision, which reconsidered [Mr. Brown's] May 1977 claim for a low back condition and awarded service connection based on the date of receipt of the original claim pursuant to § 3.156(c)(3)." *Id.*

The CAVC explained that its review was "frustrated" by the Board's failure to make any factual findings concerning the scope of Mr. Brown's 1977 claim and whether it included the issues of entitlement to separate ratings for radiculopathy and TDIU. *Id.* at \*5. The CAVC remanded the case to the Board explaining that "where the Board . . . failed to provide an adequate statement of reasons or bases for its determinations, . . . a remand is the appropriate remedy." *Id.* (quoting *Tucker v. West*, 11 Vet. App. 369, 374 (1998)). It also "remind[ed] the Board that '[a] remand is meant to entail a critical examination of the justification for the decision.'" *Id.* (citation omitted).

Mr. Brown appeals the remand order, asking us to find that the CAVC erred by ordering the Board to review binding factual findings on remand. We dismiss this appeal for lack of jurisdiction.

## DISCUSSION

We review appeals of CAVC decisions under 38 U.S.C. § 7292. *Joyce v. Nicholson*, 443 F.3d 845, 849 (Fed. Cir. 2006). Although § 7292 does not explicitly impose a final

judgment requirement, we "typically will not review re-mand orders by the [CAVC] 'because they are not final judgments.'" *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002) (citations omitted). In fact, we will only review a remand order if three conditions are met:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

*Id.* (footnotes omitted). This so-called *Williams* exception is "narrow." *Ebel v. Shinseki*, 673 F.3d 1337, 1340 (Fed. Cir. 2012). And it applies only in "rare cases." *Conway v. Principi*, 353 F.3d 1369, 1374 (Fed. Cir. 2004).

Mr. Brown fails to establish that this is one of those rare cases. Indeed, the remand order fails to meet at least the first and third *Williams* conditions.

As for the first condition, Mr. Brown has not established that the remand order provides "a clear and final decision of a legal issue." *Williams*, 275 F.3d at 1364. Mr. Brown argues that the CAVC determined that the Board favorably found that the RO awarded benefits for bilateral radiculopathy and TDIU as part of Mr. Brown's September 13, 2011 claim for a low back disability. Appellant's Br. 10. By doing so, he asserts, the CAVC "determined that the Board 'favorably determined' that the scope of the 1977 claim, decided by the [RO] in 2016 and reviewed by the Board on appeal, included a request for benefits for TDIU and radiculopathy." *Id.* at 15. But the CAVC, he argues, then ordered the Board on remand (1) to re-determine the scope of the 1977 claim, and (2) to review a favorable

finding of fact to which the Board is already bound.  *Id.* at 11.  He asserts that "when the [CAVC] ordered the Board to determine the scope of the 1977 claim [on remand], it ignored the application of [38 U.S.C.] § 5104A and the law of the case doctrine."[1]  Reply Br. 15; *see also id.* at 11 (asserting that CAVC remanded to the Board "to determine the scope of the 1977 claim anew," which "runs afoul of . . . § 5104A and the law of the case doctrine").

Mr. Brown fails to persuade us that the remand is a *clear* and final decision on a legal issue.  Mr. Brown is essentially arguing that the CAVC implicitly "ignored"—or implicitly "ordered" the Board to ignore—§ 5104A and the "law of the case" doctrine.  But even if those actions amounted to a "decision on a legal issue" under *Williams*, we cannot say that they amounted to a "clear" decision.  *See Goffney v. McDonough*, No. 22-1130, 2023 WL 355107, at *2 (Fed. Cir. Jan. 23, 2023) (CAVC's alleged "implicit" decision interpreting a regulation that the CAVC never cited or discussed was not a "clear" decision for purposes of the first *Williams* condition).

The CAVC simply concluded that the Board had not sufficiently explained its decision and thus remanded "for further consideration of the issues by the Board as a predicate to further review of those issues by the [CAVC],"  *Williams*, 275 F.3d at 1365.  As discussed above, remand is appropriate when the Board "fail[s] to provide an adequate statement of reasons or bases for its determinations," *Decision*, at *5 (quoting *Tucker*, 11 Vet. App. at 374).  Because Mr. Brown fails to show that the remand order was a clear

---

[1]   Section 5104A states: "Any finding favorable to the claimant as described in section 5104(b)(4) of this title shall be binding on all subsequent adjudicators within the Department, unless clear and convincing evidence is shown to the contrary to rebut such favorable finding."   38 U.S.C. § 5104A.

and final decision on any legal issue, he has not established that the order meets the first *Williams* condition.

As for the third condition, Mr. Brown fails to show that there is "a substantial risk that the decision would not survive a remand"—"that the remand proceeding may moot the issue." *Williams*, 275 F.3d at 1364. The question under this *Williams* condition is whether Mr. Brown will be unable to raise the issue on appeal if he loses on remand. *Donnellan v. Shineski*, 676 F.3d 1089, 1092 (Fed. Cir. 2012). Essentially, Mr. Brown's "claim must be that he has a legal right not to be subjected to a remand." *Id.* Mr. Brown makes no such claim and, in fact, argued to the CAVC that the case *should* be remanded. J.A. 25–26. His counsel also suggested at oral argument that Mr. Brown will be able to later raise the issues here on appeal from an adverse final judgment. *See* Oral Arg. at 2:35–3:33. We agree. If the Board rejects Mr. Brown's claim for an earlier effective date, Mr. Brown can appeal to the CAVC and continue to argue a violation of § 5104A and the "law of the case" doctrine. And he can then, if need be, press that argument to this court on appeal from a final judgment. Mr. Brown thus has not shown that the remand order meets the third *Williams* condition.

Because we hold that the remand order does not meet at least two of the *Williams* conditions, we dismiss this appeal.[2]

---

[2] Given our holding, we need not reach the remaining *Williams* factor. *See Donnellan*, 676 F.3d at 1091–93 (dismissing case after finding that the third *Williams* condition was not met).

8                                                    BROWN v. MCDONOUGH

CONCLUSION

We have considered Mr. Brown's other arguments and find them unpersuasive. For the above reasons, we dismiss Mr. Brown's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.