NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SETH A. HOOPER,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2024-1262

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-4351, Chief Judge Margaret C. Bartley, Judge Coral Wong Pietsch, Judge William S. Greenberg.

---

Decided:  May 9, 2024

---

SETH HOOPER, Ocean, NJ, pro se.

MILES JARRAD WRIGHT, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; CARLING KAY BENNETT, BRIAN D. GRIFFIN,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, CLEVENGER, and STOLL, *Circuit Judges*.

PER CURIAM.

Seth Hooper appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court"), which remanded in part and dismissed in part. The Veterans Court remanded one claim to the Board for Veterans' Appeals ("Board") and dismissed the other two claims for lack of jurisdiction because there was no final decision by the Board. We *dismiss*.

## BACKGROUND

Mr. Hooper served on active duty during a variety of intervals from 2000 to 2011. Mr. Hooper's appeal here concerns three claims: a claim for an earlier effective date for a traumatic brain injury ("TBI"), a claim for an earlier effective date for his 100% disability rating, and a claim for dental disability.

As to the effective date for the TBI, the Veterans Court found "that the Board failed to provide adequate reasons or bases to support its decision." *Hooper v. McDonough*, No. 22-4351, 2023 WL 5436388, at *4 (Vet. App. Aug. 24, 2023).[1] Because the Board's decision lacked "sufficient analysis of Mr. Hooper's arguments, including factual findings concerning the nature of his original claim and a discussion of how the Board applied the law," the Veterans Court remanded the TBI claim. *Id.* at *5. The Veterans Court pointed out that it lacked jurisdiction over his dental claim because the Board had remanded, not denied, his

_____

[1]    S.A. refers to the supplemental appendix attached to Appellee's Informal Brief, ECF No. 6.

dental claim so it was not a final decision under 38 U.S.C. § 7252. As to Mr. Hooper's 100% disability rating claim, the Veterans Court again found that, because the claim was "not before the Board in the decision on appeal, it is also not before the Court at this time" and dismissed the claim. *Id.*

This appeal followed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We have exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" and to "interpret constitutional and statutory provisions." *Id.* § 7292(c). We may not, however, "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue," review "a challenge to a factual determination," nor a "challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

## I. Earlier Effective Date for Traumatic Brain Injury

Mr. Hooper appeals a remand order from the Veterans Court regarding the effective date for his TBI claim. The remand order explained that the Board failed to provide adequate reasons or bases to support its decision. *Hooper*, 2023 WL 5436388, at *4. "As a general matter, this court reviews only final decisions of [the Veterans Court]." *Chavez v. McDonough*, ___ F.4th ___, No. 2022-1942, 2024 WL 1685140, at *2 (Fed. Cir. Apr. 19, 2024); *see also Duchesneau v. Shinseki*, 679 F.3d 1349, 1352 (Fed. Cir. 2012); *Donnellan v. Shinseki*, 676 F.3d 1089, 1091 (Fed. Cir. 2012).

> Our cases establish that we will depart from the strict rule of finality when the [Veterans Court] has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a

clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.,* that the remand proceeding may moot the issue.

*Williams v. Principi,* 275 F.3d 1361, 1364 (Fed. Cir. 2002) (footnotes omitted).

None of these conditions is satisfied here. The Veterans Court remanded for further explanation of the Board's decision so that the court could discharge its duty on appellate review. The first factor has not been satisfied. There has been no legal issue decided at all. Second, because there has been no decision of a legal issue, Mr. Hooper cannot make a showing that the resolution of a legal issue has adversely affected him. The third *Williams* condition has also not been satisfied.

## II. Earlier Effective Date for 100% Disability

The Veterans Court dismissed Mr. Hooper's claim for an earlier effective date for lack of jurisdiction. The Veterans Court's jurisdiction is limited to review of "decisions of the Board." 38 U.S.C. § 7252(a). "[W]hen the Board has not rendered a decision on a particular issue, the [Veterans Court] has no jurisdiction to consider it under section 7252(a)." *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000); *see also Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998). Because this issue was never raised to the Board, "the court had no jurisdiction to consider the issue." *Ledford*, 136 F.3d at 779. Mr. Hooper alleges no plausible error as to the Veterans Court's determination that it lacked jurisdiction over this issue, and we therefore lack jurisdiction over his appeal.

### III. Dental Disability

As to Mr. Hooper's claim regarding his dental disability, the Veterans Court held that it lacked jurisdiction over the claim because the Board had remanded the claim for further factual development. Because the remand order "contains no order granting or denying relief," it is not a "decision" within the meaning of section 7252(a). *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005). Mr. Hooper argues that the Veterans Court "arbitrarily refuse[d] to exercise jurisdiction," Appellant's Informal Op. Br. 2, but he offers no coherent legal argument as to why this is so. We therefore lack jurisdiction.

On appeal, Mr. Hooper makes the argument that he "has met the evidentiary standard for award of Dental Class IIa." *Id.* at 10. To the extent that Mr. Hooper asks us to make a factual determination about the evidence in his case, we are without jurisdiction to do so. *See* 38 U.S.C. § 7292(d)(2).

We have considered Mr. Hooper's remaining arguments, including the argument that he is being denied due process by the Veterans Court, and find them unpersuasive.

**DISMISSED**

COSTS

No costs.